IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYNA DAWN BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-1104-SLP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 20] (R&R) of United States Magistrate Judge Gary M. Purcell, recommending that the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) be reversed and remanded for further proceedings consistent with the findings set forth in the R&R. The Commissioner has timely filed an objection to the R&R and Plaintiff has responded [Doc. Nos. 21-22].

The Magistrate Judge concluded that a remand was required because the Administrative Law Judge (ALJ) failed to explain the inconsistency between two administrative medical findings – one of Dr. Sturgis dated April 16, 2020 and one of Dr. Farrell dated July 15, 2020. Dr. Sturgis found that Plaintiff could "understand and carry ou[t] simple, 1-2 step tasks." AR 69.[1] Dr. Farrell found that Plaintiff could "understand, recall and perform simple and detailed tasks with routine supervision." AR 88-89.

---

[1] Citations to "AR" reference the Administrative Record [Doc. No. 10].

The ALJ deemed each of these findings "persuasive" and "consistent with the other evidence." AR 29-30. The ALJ's residual functional capacity (RFC) assessment concluded that Plaintiff could "understand, remember, and carry out simple tasks with simple instructions in a routine work setting (SVP 1-2)." AR 22.

The Magistrate Judge found the RFC to be inconsistent with the findings of Dr. Sturgis and that the ALJ's failure to explain the inconsistencies requires a remand. R&R at 8-9. The Magistrate Judge further found the error is not harmless because if Dr. Sturgis's findings were adopted, Plaintiff could not perform the jobs identified by the ALJ at step five of the sequential evaluation process. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step process). The ALJ identified as representative jobs, janitor, dishwasher and handpacker. AR 31. Each of those jobs require a reasoning level of two. *See* R&R at 9-10 (citing applicable Dictionary of Occupational Titles (DOT) provisions).

The Commissioner argues the ALJ's RFC assessment reflects a permissible "middle ground approach." Obj. at 3-4. In support, the Commissioner relies on *Smith v. Colvin*, 821 F.3d 1264, 1268 (10th Cir. 2016). The Magistrate Judge did not directly address *Smith* in the R&R, but he did reject the Commissioner's argument and found that the "ALJ's decision does not reflect a middle ground approach." R&R at 8. As the Magistrate Judge concluded: "[t]he ALJ merely stated that both opinions were well supported and persuasive" and "then adopted an RFC that conflicted with Dr. Sturgis'[s] findings."). *Id.* at 8-9.

The Court has reviewed *Smith* and finds, as to the facts of this case, it is inapposite.  Although the Commissioner urges the Court to find, as in *Smith*, that the ALJ adopted a middle ground by creating an RFC "assessment between the two medical opinions without fully embracing either one," *Smith*, 821 F.3d at 1268, here, that is not what the ALJ did.  Instead, the ALJ found both the opinions of Dr. Sturgis and Dr. Farrell equally persuasive, but then did not incorporate Dr. Sturgis's limitations into the RFC assessment.  Nor did the ALJ explain why those limitations were not included.[2]  Without such an explanation, it is not possible to determine whether the ALJ adopted a middle ground, or instead, simply failed to account for the limitations in Dr. Sturgis's medical opinion.

The Court also agrees with the Magistrate Judge that the error is not harmless.  As set forth, each of the jobs identified at step five has a reasoning level of two.  R&R at 9-10.  The Magistrate Judge found that jobs which require a reasoning level of two inherently conflict with Dr. Sturgis's finding that Plaintiff could perform "simple, 1-2 step tasks."  *Id*. at 10.  The Magistrate Judge acknowledged that the Tenth Circuit has not addressed this issue, but cited persuasive authority that supports a finding of such an inherent conflict.  *Id*. at 10-13; *see also M.D. v. Kijakazi*, No. 21-cv-01963-NYW, 2022 WL 3227621 at *12-13 (D. Colo. Aug. 10, 2022) ("[A] limitation to 'simple' instructions

---

[2] The Commissioner acknowledges that where, as here, an ALJ finds two prior administrative medical findings on the same issue to be equally persuasive, the ALJ must "articulate" how other factors were considered.  *See* Obj. at 5 (citing 20 C.F.R. § 416.920c(b)(3).  The ALJ did not do so.

3

is more in line with jobs requiring level-one reasoning, rather than level-two."). The Commissioner fails to address this issue in her Objection.[3]

Having reviewed the R&R, the Commissioner's Objection and the applicable case law, the Court rejects the Commissioner's arguments that the ALJ adopted a "middle ground approach" or, alternatively, that the ALJ's error was harmless.[4]

IT IS THEREFORE ORDERED the Report and Recommendation [Doc. No. 20] is ADOPTED. The Court REVERSES the decision of the Commissioner and REMANDS the case for further administrative proceedings consistent with the Report and Recommendation.

---

[3] Instead, the Commissioner conclusorily asserts that the reasoning levels described in the DOT do not apply because the ALJ defined Plaintiff's mental functioning in terms of SVP. *See* Obj. at 3, n. 2. In other words, the Commissioner argues that "reasoning level" is not at issue. The Court disagrees. All three jobs identified by the VE require a reasoning level of two. The ALJ did not inquire of the VE regarding how level two reasoning was consistent with Plaintiff's RFC. Nor did the ALJ inquire of the VE as to the consistency of reasoning levels and the identified jobs. Under these circumstances, the ALJ failed to provide a reasonable explanation in support of his finding that the VE's testimony constitutes substantial evidence to support the findings at step five. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (stating that an RFC limiting a claimant to "simple and routine work tasks . . . seems inconsistent with the demands of level three reasoning" and, therefore, remanding the case "to allow the ALJ to address the apparent conflict between [p]laintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE.").

[4] The Commissioner argues that even if the ALJ should have further analyzed the prior administrative medical findings" any error is harmless because "the less restrictive finding [of Dr. Farrell] would have been more persuasive." Obj. at 6, 7. The Court rejects this argument as requesting an impermissible post hoc justification for the ALJ's findings. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

IT IS SO ORDERED this 7th day of November, 2022.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE